ALEXANDER VS. SANDERS.

Where the bond of the sheriff and collector is in a sum less than double the amount
of the state and county taxes, the county court has the legal power to require him
to give a new bond: and if he fail to do so, he cannot compel the clerk, by man-
damus, to deliver to him the tax book.

*Appeal from Hempstead Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

HEMPSTEAD, for appellant.

A. B. WILLIAMS for appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

At the general election held on the first Monday of August,
1860, Wm. A. Alexander was elected sheriff of Hempstead
county, and was duly commissioned and qualified as such.

On the 10th of January, 1861, he executed and filed in the
clerk's office a bond as collector of revenue, in the penal sum
of $30,000, which on the same day was approved by the county
court.

On the 13th of April, 1861, he returned his assessment list;
and on the 4th of May following, the county court adjusted the
list, and fixed the rate of assessment for the year, etc.

On the 5th of August, 1861, the county court made the fol-
lowing order:

"Whereas, William A. Alexander, sheriff and ex-officio col-
lector of Hempstead county, having executed his bond in the
sum of thirty thousand dollars, for the year 1861; and whereas,

since the execution of said bond, the tax of said county for said year having been assessed to the sum of forty thousand eight hundred and fifty-six dollars, it is ordered that the said William A. Alexander, as such sheriff and collector, be, and he is hereby required to execute a new bond, in the sum of eighty-five thousand dollars, and file the same with the clerk of this court, on or before the first day of the next term of this court."

Alexander, having failed to execute and file a new bond as required by the order of the court, he was, on the 15th of November, 1861, after citation to show cause, etc., removed from office, by the court, for such failure.

Afterwards, on the 17th of December, 1861, he applied to the Circuit Court, of Hempstead county, for a mandamus against Simon T. Sanders, clerk of the County Court, to compel Sanders to deliver to him, as collector, the tax book for the year 1861.

Sanders entered his appearance to the petition, waived the issuance of an alternative writ, and filed his response.

Alexander demurred to portions of the response, replied to other portions: and upon the hearing, a peremptory mandamus was refused, and he appealed to this court.

Whether Sanders was in default for not delivering the tax book to Alexander before he was required to execute a new bond, by the County Court, or whether his excuses for refusing to do so are sufficient, it is not necessary in this case, to determine. We need only decide whether he was legally obliged, and compellable by mandamus, to deliver the tax book to Alexander, after he had been required by the county court to execute and file a new bond, and had failed to do so, etc.

By the law, as contained in *Gould's Digest*, the sheriff was required, each year, to execute and file his bond as collector, on or before the 10th of January, in a sum at least *double the amount of taxes levied for state and county purposes*, and on failure or refusal to file the bond at the time, and in the manner prescribed by law, he forfeited his office, and was subject to

removal by the County Court, on citation, etc.   *Dig.* ch, 148, *sec.* 52–3–6.

By an act approved 21st February, 1859, (*Pamph. Acts*, 1858, *p.* 235,) which was passed after the publication of the Digest, it is declared: " That so much of the existing law as requires that the collector of revenue shall file his bond, as such collector, on or before the tenth day of January, be and the same is hereby repealed, and instead of said tenth day of January, each collector shall be required to file his bond on or before the first day of June, in each year, the same to be conditioned, *and the penalties for failure to file the same to exist as now provided for by law,*" etc.

The defect in the previous statute intended to be remedied by this act, was obviously this—By the previous law, as contained in the Digest, the collector was required to file his bond, on or before the 10*th of January*, in a *sum at least double the amount of taxes levied for state and county purposes*, when the state and county taxes to be levied for the year, could not be then known: and could not be accurately ascertained until the assessment list was returned, and the rate of county taxes fixed by the County Court.  But by postponing the execution of the bond until the first of June, the proper sum for the penalty could be correctly ascertained, the law requiring the assessment list to be returned, adjusted, and the rate of county tax to be fixed by the county court before that time.  See *Dig. ch.* 148, *sec.* 34, 38, 45; *ch.* 147, *sec.* 4.

It is probable that when the appellant's bond was executed and approved, 10th of January, 1861, the act of 21st of February, 1859, was overlooked, and the law as contained in the Digest followed.

After the assesment list had been returned, adjusted, and the rate of county taxes for the year fixed by the county court, it was ascertained, as alleged in the response of the appellee, that the State and county taxes to be collected, amounted to $21,360 19; besides which additional assessments were made, under ordinances of the convention.

The attention of the County Court having been called to the

fact, by the appellee, that the bond of the appellant was not *in a sum at least double the amount of taxes levied for State and county purposes*, as required by law, the court made the order of 5th of August, 1861, above copied, requiring him to execute a new bond, etc.

That the court had the legal power to make this order, we do not doubt, and the court having deemed it expedient to make the order, for the safety of the public revenue, and the appellant having failed to comply with the order, and being in default when he applied to the Circuit Court for the mandamus, to say nothing of his removal from office, the court did not err in refusing him the writ to compel the appellee to deliver to him the tax book.

The court having the legal power to make the order requiring the appellant to give a new bond, if there was any error in its proceedings in the matter, the remedy of the appellant was by appeal, or other appropriate application to the proper supervising tribunal. The order coming before us collaterally, and not directly, we can only pass upon the judicial power of the County Court to make it.

The judgment is affirmed.